IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LEAH MONROE, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | NO. _____ |
| § | |
| EXCEL MAINTENANCE SERVICES, § | |
| INC. § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff, Leah Monroe, and brings this Original Complaint as follows:

### I.
### PARTIES

1. Plaintiff, Leah Monroe, is an individual whose residence is located at 201 Dixie Drive, Apt. 1020, Clute, Texas 77531.

2. Defendant, Excel Maintenance Services, Inc., [hereinafter "Defendant" or "Excel"] has its principal place of business at 5616 Highway 332, Freeport, Texas 77541.  Defendant may be served with legal process by serving CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas  75201-3136.

### II.
### JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and 28 U.S.C. §1367.  Plaintiff's claims arise, in whole or part, out of the rights granted her under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.  Accordingly, this Court has federal-question jurisdiction over this action.

## III.
## VENUE

4. Venue is proper in this district under 28 U.S.C. §1391(b) because the Defendant resides in this judicial district and a substantial part of the events and omissions giving rise to her claims occurred in this district. Venue is also proper in this district under 42 U.S.C. §2000e-5(f)(3) because the employment records relevant to the alleged unlawful employment practices are maintained and administered in this district.

## IV.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days of receipt of a notice of her right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A. *See 42 U.S.C. §2000e-5(f)(1).*

## V.
## STATEMENT OF FACTS

6. Plaintiff began her employment with Excel in May 2014 as a Production Operator with Superintendent Raymond Singleton as her supervisor. Over time, Singleton began to treat her differently from the men he supervised. When Plaintiff sought to work in the Farral area of the plant, where females had never worked before, Singleton insisted that she wasn't right for the position even though she had an excellent work record and was qualified for the position. After Plaintiff complained to management about Singleton's behavior, it rejected Singleton's recommendations and placed her in another position working in the pellet processing area. Thereafter, Singleton used every opportunity to insist that Plaintiff was not a good worker despite having received excellent performance evaluations from her foreman.

7. On November 21, 2017, Plaintiff was randomly selected for a routine urinalysis. During the process, Safety Representative Terri Danford had her undo her bra, lift up her shirt, pull down her pants, and she had to leave the door cracked open, exposing herself, while she provided a sample. This was not done with any of the males being tested that day. When she asked her male co-workers how they gave their samples, she learned that none of them had been asked to expose themselves in the same manner that was required of her. At the time, she informed Singleton that she believed she was being treated differently because of her gender. In response, he set up a meeting with Defendant's human resources representative to address her complaint. Before that meeting, on or about December 7, 2017, Plaintiff had an opportunity to speak briefly with a manager from Defendant's corporate office about matters unrelated to her discrimination claim. This discussion was observed by Singleton who waited until after the safety briefing to confront Plaintiff. He then grabbed her by the arm, hurting her in the process, and expressed his displeasure over what he considered to be talking out of turn about her problems with a senior officer from corporate. When Singleton was later confronted by Excel's human resources representative about such behavior and Plaintiff's complaints about the urinalysis process, Singleton stated that he meant nothing by his actions, apologized, and told Plaintiff that the urinalysis test would be voided. This solution still failed to explain how the process would be changed or address her complaints of being singled out and discriminated against because of her gender.

8. In February 2018, Plaintiff observed that there was an opportunity for her to secure promotion to Crew Lead. Even though she requested to be considered and was the best qualified candidate for the position, Singleton gave it to a less qualified male co-worker, Roland Higgins, who had a history of disciplinary issues. In fact, Higgins had been terminated several times

before and it was clear to Plaintiff that she was being denied the position by Singleton in retaliation for her prior complaints of discriminatory treatment.  In April 2018, after Plaintiff asked him a question about holiday pay, Singleton refused to answer and once again singled her out by threatening her job and telling her that she'd better watch her behavior.  Shortly thereafter, on April 20, 2018, Defendant's Human Resources told Plaintiff that she was creating a hostile work environment for Singleton, instead of the other way around.  When Plaintiff questioned having to sign a statement that she knew was false and how it was that she created a hostile work environment for Singleton based on her complaints of gender discrimination, she was terminated.

## VI.
## CAUSES OF ACTION
## DISCRIMINATION AND RETALIATION

### COUNT 1

9. Paragraphs 1 through 8 are incorporated herein as if fully set forth at length.

10. Title VII provides, in relevant part, that ". . .It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1).  A plaintiff can prove Title VII discrimination either through direct or circumstantial evidence.  Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption.  Where plaintiff produces no direct evidence of discriminatory intent, a court must evaluate proof of circumstantial evidence using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L. Ed. 2d 668 (1973).

11.  Plaintiff would show that she is a member of a protected class by virtue of her gender and

that the comments and behavior which were directed toward her by superiors targeted one or more of her protected characteristics. The clear meaning and intent of such behavior was to harass Plaintiff for acting in a manner contrary to her supervisor's perceptions of her gender and served to create a hostile work environment based upon such discriminatory animus. Such behavior negatively impacted the conditions of Plaintiff's employment by subjecting her to ridicule and embarrassment not experienced by her male co-workers.

## COUNT II

12. Paragraphs 1 through 11 are incorporated herein as if fully set forth at length.

13. As a result of Plaintiff's opposition to Defendant's discriminatory practices, Defendant retaliated against her in violation of federal law. Not only were her complaints of discriminatory animus not addressed, but later, when Plaintiff sought advancement to the position of Crew Lead, the request was denied because of Plaintiff's prior complaints of discrimination. Title VII of the Civil Rights Act of 1964 contains an anti-retaliation provision which forbids "discriminat[ion] against" an employee or job applicant who, *inter alia,* has "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation, §2000e–3(a). *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2406, 165 L. Ed. 2d 345 (2006).

14. Plaintiff would show that, after she complained about the double standard in connection with male and female drug testing, such action was used by her supervisor/employer as a means of denying her a promotion. Further, her complaints of discriminatory animus ultimately led to her loss of employment by adversely effecting her status within the organization. On April 30, 2018, Plaintiff filed her charge of discrimination to include a claim of retaliation. Plaintiff was terminated from employment on or about April 20, 2018. On May 8, 2018, the EEOC presented

Plaintiff with a right to sue.

## V.
## DAMAGES

15. Paragraphs 1 through 14 are incorporated herein as if fully set forth at length.

16. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

   a. Plaintiff was discharged from employment with Defendant. Although Plaintiff has diligently sought other employment, she has been unable to find equivalent replacement employment. In addition, Plaintiff has incurred expenses in seeking other employment.

   b. Plaintiff suffered mental anguish and emotional distress.

   c. Plaintiff seeks back pay, including employment benefits, compensatory damages in the past and future and front pay. In the alternative to front pay, Plaintiff seeks reinstatement of her employment by Defendant.

## VI.
## ATTORNEYS' FEES AND COSTS

17. Plaintiff is entitled to an award of reasonable attorney's fees and costs under 42 U.S.C. §12205.

## VII.
## PLAINTIFF'S DEMAND FOR JURY TRIAL

18. Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and demands in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VIII.
## PRAYER

19. For these reasons, Plaintiff asks for judgment against Defendant for the following:

a.   Awarding the Plaintiff her actual damages including back pay, front pay and compensatory damages. As an alternative to front pay, Plaintiff seeks reinstatement to her position as an employee of Defendant.

b.   Awarding the Plaintiff pre- and post- judgment interest as allowed by law.

c.   Awarding the Plaintiff costs and expenses, including reasonable attorneys' fees and expert fees, and for such other relief, equitable, special or general, to which she is justly entitled.

d.   All other relief the Court deems appropriate.

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP.

*/s/John A. Sullivan, III*
John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No.  1398
Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
9894 Bissonnet Street, Suite 865
Houston, Texas  77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

**ATTORNEY FOR PLAINTIFF
LEAH MONROE**